UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62492-CIV-COHN

Magistrate Judge Seltzer

ANGELA DIPILATO, individually,

    Plaintiff,

vs.

RUDD & DIAMOND, P.A., a Florida
corporation, PETER A. DIAMOND, individually,
MICHAEL RUDD, individually, OCEAN 4660, LLC,
a Florida limited liability company, COMERICA
BANK, a Michigan corporation, and
REMO POLSELLI, individually,

    Defendants.
_____/

## ORDER DENYING DEFENDANT COMERICA BANK'S MOTION TO DISMISS AS UNTIMELY UNDER FED. R. CIV. P. 12(b)(6)

**THIS CAUSE** is before the Court upon transfer of the case to the undersigned, Defendant Comerica Bank's Motion to Dismiss Plaintiff's Second Amended Complaint [DE 94] and Plaintiff's Motion to Extend Time to File a Response [DE 97]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

Plaintiff Angela DiPilato ("Plaintiff"), acting *pro se*, filed a lengthy Second Amended Complaint [DE 58] on March 30, 2011. The prior assigned judge granted the parties' request for a stay during settlement negotiations [DE 62]. After notice that this effort was unsuccessful, the prior Court reopened the case on June 29, 2011 [DE 69]. On July 25, 2011, Defendants Peter Diamond, Michael Rudd and Rudd & Diamond, P.A. moved to dismiss the Second Amended Complaint [DE 77]. Defendant Coamerica Bank filed its Answer to the Second Amended Complaint on July 28, 2011 [DE 83], while Defendants Ocean 4660 and Remo Polselli filed Answers on August 15, 2011 [DE's 95 and 96]. After the prior assigned judge entered a recusal, this case was

transferred to the undersigned [DE 88]. On August 11, 2011, two weeks after filing its Answer, Defendant Coamerica Bank filed a motion to dismiss the Second Amended Complaint based upon Federal Rule of Civil Procedure 12(b)(6) [DE 94]. Plaintiff has moved to extend her time to file her opposition to the motion to dismiss [DE 97].

Upon a simple review of the docket, it appears that Comerica Bank has waived its right to file a Rule 12(b)(6) motion because it had already filed a responsive pleading. After listing seven defenses that may be filed in a motion, Rule 12(b) states that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1306 (11th Cir. 2002) ("because a responsive pleading – an answer – had been filed, under the plain language of Rule 12(b), a motion to dismiss would have been inappropriate"). This does not mean that Comerica Bank has waived its **defense** of failure to state a claim, it just means that it has waived its right to file a Rule 12(b) motion.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Comerica Bank's Motion to Dismiss Plaintiff's Second Amended Complaint [DE 94] is hereby **DENIED** as moot by operation of Fed. R. Civ. P. 12(b);

2. Plaintiff's Motion to Extend Time to File a Response [DE 97] is hereby **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of September, 2011.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:
Angela DiPilato, pro se (via CM/ECF regular mail)
counsel of record on CM/ECF