UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62492-CIV-COHN

Magistrate Judge Seltzer

ANGELA DIPILATO, individually,

    Plaintiff,
vs.

RUDD & DIAMOND, P.A., a Florida
corporation, PETER A. DIAMOND, individually,
MICHAEL RUDD, individually, OCEAN 4660, LLC,
a Florida limited liability company, COMERICA
BANK, a Michigan corporation, and
REMO POLSELLI, individually,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE RESPONSE AND FOR RESCHEDULED HEARING DATE

**THIS CAUSE** is before the Court upon Plaintiff's Request for Extension of Time to File Response and for Rescheduled Hearing Date [DE 106]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

Plaintiff Angela DiPilato ("Plaintiff"), acting *pro se*, filed this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants Rudd & Diamond, Peter Diamond and Michael Rudd (collectively, the "Rudd & Diamond Defendants"), two attorneys and their law firm, related to their attempts to collect a debt owed by Plaintiff to Defendant Ocean 4660, LLC. All fourteen of the claims in the Second Amended Complaint allege violations of either the FDCPA or the Florida Consumer Collection Practices Act ("FCCPA") [DE 58]. No specific actions of Defendants Ocean 4660, Remo Polselli (a principal of Ocean 4660), or lender Comerica Bank are alleged in the Second Amended Complaint, though they are listed

as defendants.

On September 26, 2011, Defendant Ocean 4660 filed an Emergency Motion to Discharge Lis Pendens or, Alternatively, to Set Lis Pendens Bond [DE 100]. According to Defendant, Plaintiff filed a Notice of Lis Pendens against the property at 4660 North Ocean Drive, Lauderdale-by-th-Sea, with the Broward County Clerk on March 21, 2011, when she filed her Second Amended Complaint. On September 2, 2011, Defendant Ocean 4660 entered into an agreement to sell the property at issue for $13,250,000. The agreement provides for a 60 day period to resolve any title issues. The purchaser has identified the Lis Pendens filed by Plaintiff as one of those issues. Defendant Ocean 4660 now seeks this Court to discharge that lien pursuant to Fla. Stat. § 48.23(3) because the claims in this FDCPA action have nothing to do with putting a lien on the property.

On September 30, 2011, this Court initially set a hearing on Defendant's Emergency Motion for Friday, October 14, 2011 [DE 104]. However, based upon the Court's trial schedule and the nature of the relief sought in the motion, the Court entered an order later that day resetting the hearing for October 7, 2011. Plaintiff seeks to continue that hearing because she is out of town on business until October 19, 2011.

This Court expects to be in trial on other matters each day commencing October 11, 2011 through the remainder of the month. The Court also concludes that Defendant has raised a bona fide emergency matter because title issues must be resolved by November 1, 2011. Finally, Plaintiff is the party who initiated this lawsuit, and never filed a Notice of Unavailability in the Court record.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Request for Extension of Time to File Response and for Rescheduled

Hearing Date [DE 106] is hereby **DENIED**;

2. The hearing set for October 7, 2011 at 9:00am will be held as scheduled.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of October, 2011.

JAMES I. COHN
United States District Judge

Copies furnished to:
Angela DiPilato, pro se (via CM/ECF regular mail)
and facsimile to 954-657-8405

counsel of record on CM/ECF