UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62492-CIV-COHN

Magistrate Judge Seltzer

ANGELA DIPILATO, individually,

    Plaintiff,

vs.

RUDD & DIAMOND, P.A., a Florida
corporation, PETER A. DIAMOND, individually,
MICHAEL RUDD, individually, OCEAN 4660, LLC,
a Florida limited liability company, COMERICA
BANK, a Michigan corporation, and
REMO POLSELLI, individually,

    Defendants.
_____/

## ORDER GRANTING EMERGENCY MOTION TO DISCHARGE LIS PENDENS

**THIS CAUSE** is before the Court upon Defendant Ocean 4660, LLC's Emergency Motion to Discharge Lis Pendens, Or Alternatively, to Set Lis Pendens Bond [DE 100] and Plaintiff's Response contained within her Request for Extension of Time to File Response and for Rescheduled Hearing Date [DE 106]. The Court has carefully considered the motion, has heard argument at a hearing held today, and is otherwise fully advised in the premises.[1]

---

[1] At the commencement of the hearing, the Court noted that it sent a copy of its order denying Plaintiff's Motion to Reschedule Hearing Date by facsimile on Wednesday, October 5, 2011, to the local facsimile number Plaintiff listed on her Second Amended Complaint. In her response to the present motion, Plaintiff had requested a continuance because she was in New York. The Court denied that motion because of the exigent nature of the requested relief. See Order at DE 107. On Thursday morning, October 6, 2011, chambers staff telephoned Plaintiff at the 914 (New York) phone number she listed on her Second Amended Complaint but could only leave a voice mail message to return the call. The Court telephoned the same number at the commencement of the hearing, but again, only an outgoing voicemail message answered the call.

## I.  BACKGROUND

Plaintiff Angela DiPilato ("Plaintiff"), acting *pro se*, filed this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants Rudd & Diamond, Peter Diamond and Michael Rudd (collectively, the "Rudd & Diamond Defendants"), two attorneys and their law firm, related to their attempts to collect a debt owed by Plaintiff to Defendant Ocean 4660, LLC.  All fourteen of the claims in the Second Amended Complaint allege violations of either the FDCPA or the Florida Consumer Collection Practices Act ("FCCPA") [DE 58].  No specific actions of Defendants Ocean 4660, Remo Polselli, or lender Comerica Bank are alleged in the Second Amended Complaint, though they are listed as defendants because of their relationship with the Rudd & Diamond Defendants.

On September 26, 2011, Defendant Ocean 4660 filed the present motion to discharge a lis pendens on the property.  According to the affidavit of Hanna Karcho, the sole member of Defendant Ocean 4660, LLC, Plaintiff filed a Notice of Lis Pendens against the property at 4658-4660 North Ocean Drive, Lauderdale-by-the-Sea, Florida, with the Broward County Clerk on January 21, 2011.  Affidavit of Owner, ¶10 [DE 101-1].  On September 2, 2011, Defendant Ocean 4660 entered into an agreement to sell the property at issue to a non-party for $13,250,000.  Id. at ¶ 7.  The agreement provides for a 60 day period to resolve any title issues.  The purchaser has identified the Lis Pendens filed by Plaintiff as one of those issues.  Id. at ¶ 11.  Defendant Ocean 4660 now seeks this Court to discharge that lien pursuant to Fla. Stat. § 48.23(3) because the claims in this FDCPA action have nothing to do with putting a lien on the

2

property.[2]  Plaintiff opposes the motion.[3]

## II.  DISCUSSION

A federal court has the authority to utilize Fla. Stat. § 48.23(3) to discharge a lien "when the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under Part I of Chapter 713 [construction liens] or when the action no longer affects the subject property."  The Court "shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions."  Id.  In Beefy King Int'l, Inc. v. Veigle, 464 F.2d 1102, 1104 (5th Cir. 1972),[4] the Court of Appeals affirmed the authority of a federal district court to discharge a lis pendens under Florida law because the court "determined that the suit does not directly affect the real property."  A district court may hold a hearing and receive evidence on the motion to discharge.  Id.   Under Florida law, "the proponent of a notice of lis pendens has the burden of proof to show a fair nexus between the property and the dispute."  Medical Facilities Development, Inc. v. Little Arch Creek Properties, Inc., 675 So. 2d 915, 917 (Fla. 1996) (citing Chiusolo v. Kennedy, 614 So. 2d 491 (Fla. 1993)).

---

[2]  In the alternative to discharging the lien, Defendant requests that Plaintiff be forced to post a bond of $13,250,000 because the lien will cause the sale of the property to fall through.

[3]  On October 5, 2011, Plaintiff filed a motion that sought to extend her time to respond to the motion and to continue the hearing on the motion because she is out of town on business until October 19, 2011 [DE 106].  The Court denied that request given the time sensitive nature of the relief requested by the Defendants, and the fact that the Court is scheduled to be in trial on three separate civil cases from October 11, 2011 through at least the end of October.  However, the Court notes that contained within Plaintiff's request to continue was a substantive opposition to the present motion.

[4]  The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Plaintiff asserts that this action is related to the real property and the lien should not be discharged.  Plaintiff argues that one of the central tenets of her action is that "the use of summary procedure in landlord-tenant court to terminate a management agreement with a consumer, was a violation of the FDCPA, among other things."  Plaintiff cites to various allegations in her Second Amended Complaint that purport to relate to the real property.  Finally, Plaintiff states that her requested relief in this action includes that Defendants be enjoined from disposing of the subject real property, though she does not cite to a particular paragraph of her Second Amended Complaint.

Plaintiff contends that the Court must engage in a Fed. R. Civ. P. 65 analysis, and that Defendant has failed to show irreparable injury that would require discharge on an emergency basis, as Defendant has only alleged money damages.  Plaintiff argues that she will suffer irreparable harm because of the "permanent loss of her livelihood if the Court grants defendant's motion."

Although the Court did find case law specifically stating that a federal court must follow Rule 65 in discharging a lien pursuant to Fla. Stat. § 48.23, the above quoted language from Beefy King does imply this requirement.  In order to obtain a preliminary injunction under Rule 65, a party must establish the following four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party; and (4) granting the preliminary injunction will not disserve the public interest.  Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994); McDonald's Corp. v. Roberts, 147 F.3d 1301, 1306 (11th Cir. 1998).

Even assuming that the Rule 65 standards apply to this case, the motion to discharge lien should be granted.  Even though Plaintiff bears the burden to show a fair nexus between her FDCPA and FCCPA claims and the subject property, Defendant has shown a substantial likelihood of success on the merits of their argument that the present lawsuit does not have a fair nexus to the real property.  The claims in the Second Amended Complaint are simply FDCPA and FCCPA claims regarding the debt collection activities of the attorneys hired by Defendant Ocean 4660.[5]  That those collection activities resulted from Plaintiff's alleged failure to pay a debt incurred for purposes of her managing a restaurant at the property does not transform the subject real property to being at risk for any consequences from Plaintiff's filing of the Second Amended Complaint.  Any request for such relief against the subject property has no basis in the forms of relief available to Plaintiff under the FDCPA or FCCPA.

As to the irreparable harm argument, Defendant has met its burden by showing specific evidence that it will lose the opportunity to close on a signed contract to sell the property for $13 million.  Affidavit of Hanna Karcho [DE 101-1].  The lien filed by Plaintiff effectively prohibits the real property from being sold.  <u>Beefy King</u>, 464 F.2d at 1104.  Such injury does outweigh any injury to Plaintiff as this action is only an action by Plaintiff for damages pursuant to alleged FDCPA violations.  Even though the statute allows for "actual damages," the Court finds no legal basis for such relief to include anything to encumber a sale of the subject property.  Finally, as to the public interest, such interest is best served by allowing real property to be sold on the open market,

---

[5]  Although this issue will be more fully developed in the Court's ruling on the Rudd & Diamond Defendants' motion to dismiss, there is significant doubt whether the activities of the Rudd & Diamond Defendants are even covered by the FDCPA.

and to discourage possible frivolous filings of liens on property that would stifle such sales.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Ocean 4660, LLC's Emergency Motion to Discharge Lis Pendens [DE 100] is hereby **GRANTED**;

2. The Notice of Pendency filed by Plaintiff in the records of Broward County, Florida, with filing location CFN # 109821421, OR BK 47663 Page 1853, Recorded 01/21/2011 at 11:46am, is hereby **DISCHARGED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of October, 2011.

JAMES I. COHN
United States District Judge

Copies furnished to:
Angela DiPilato, pro se (via CM/ECF regular mail)

counsel of record on CM/ECF

6