UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62492-CIV-COHN

Magistrate Judge Seltzer

ANGELA DIPILATO, individually,

    Plaintiff,

vs.

RUDD & DIAMOND, P.A., a Florida
corporation, PETER A. DIAMOND, individually,
MICHAEL RUDD, individually, OCEAN 4660, LLC,
a Florida limited liability company, COMERICA
BANK, a Michigan corporation, and
REMO POLSELLI, individually,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS
## ORDER GRANTING MOTION FOR EXTENSION OF TIME

**THIS CAUSE** is before the Court upon Defendants Peter Diamond, Michael Rudd and Rudd & Diamond, P.A.'s (collectively, the "Rudd & Diamond Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint [DE 77], Plaintiff's Response in Opposition to the Motion [DE 92], and the Rudd & Diamond Defendants' Reply [DE 93]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Angela DiPilato ("Plaintiff"), acting *pro se*, filed this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants Rudd & Diamond, Peter Diamond and Michael Rudd (collectively, the "Rudd & Diamond Defendants"), two attorneys and their law firm, related to their attempts to collect a debt owed by Plaintiff to Defendant Ocean 4660, LLC. All fourteen of the claims in the

Second Amended Complaint allege violations of either the FDCPA or the Florida Consumer Collection Practices Act ("FCCPA") [DE 58].  No specific actions of Defendants Ocean 4660, Remo Polselli, or lender Comerica Bank are alleged in the Second Amended Complaint, though they are listed as defendants because of their relationship with the Rudd & Diamond Defendants.

The Rudd & Diamond Defendants move to dismiss the Second Amended Complaint for failure to state a claim because Plaintiff cannot establish that the alleged "debt" the Defendants tried to collect is a "debt" under the FDCPA, and that the Defendants are not "debt collectors" under the Act.  Plaintiff opposes the motion.

## II.  DISCUSSION

### A.  Legal Standard

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

2

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B. Plaintiff has Failed to Establish a Consumer Debt  Under the FDCPA.

Section 1692e makes it a violation of the FDCPA for a debt collector "[to] use any false, deceptive, or misleading representation or means in connection with the collection of a debt."  15 U.S.C. § 1692e.  To recover under the FDCPA, a plaintiff must make a threshold showing that the money being collected qualifies as a "debt."  Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 838-39 (11th Cir. 2010).  In their Motion to Dismiss, the Rudd & Diamond Defendants argue they are entitled to judgment as a matter of law on Plaintiff's FDCPA claim because Plaintiff cannot establish that the alleged debt is a "debt" as that term is defined under 15 U.S.C. § 1692a.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).

According to the state court documents Plaintiff attached to the Second Amended Complaint, Plaintiff operated a "restaurant and lounge" on the premises owned by

Ocean 4660.  See ¶ 3.A, Answer and Affirmative Defenses of Defendant Angela DiPilato, Exhibit C to Second Amended Complaint [DE 58 at p. 57-58] (hereinafter, "State Court Answer").[1]  On November 5, 2010, the Rudd & Diamond Defendants filed a state court eviction action against Plaintiff, alleging a back rent balance of $96,000, based upon 12 months of $8,000 per month.  Exhibit B to Second Amended Complaint.  In opposition to the present motion, Plaintiff contends that she operated the restaurant under some kind of oral management agreement, rather than pursuant to a commercial lease, and therefore the management fees she owed were for Plaintiff's personal purposes.  See Response in Opposition at p. 5 [DE 92].  However, the documents Plaintiff filed in state court that she attached to her Second Amended Complaint in this action clearly indicate that the premises at issue was being used by Plaintiff for the business purpose of operating a restaurant and lounge business, and that Plaintiff actually conducted business on the subject premises.  See ¶¶ 3.A, 3.C, and 3.F of State Court Answer.

     The legal question here is not whether a commercial lease or management agreement existed – rather, it is clear that Plaintiff was operating a business when incurring the debt.  Therefore, no construction of these factual allegations will support an FDCPA claim, because the "debt" involved in this action does not arise out of a transaction in which the property that is the subject of the transaction was primarily for

---

[1]  The Court may consider documents referred to by a plaintiff in a complaint which are central to the plaintiff's claim and undisputed as to authenticity for purposes of a motion to dismiss without conversion of the motion to dismiss into a motion for summary judgment.  SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Maxcess, Inc. v. Lucent Technologies, Inc., 433 F.3d 1337, 1340, n.3 (11th Cir. 2005).

personal, family, or household purposes.  Transactions which enable the "consumer" to earn money through a job or business do not qualify as a "debt" under the FDCPA.[2]

### III.  CONCLUSION

The Court therefore concludes that the Rudd & Diamond Defendants' Motion to Dismiss should be granted.  The Court need not reach the issue of whether these Defendants were acting as debt collectors under the FDCPA.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Peter Diamond, Michael Rudd and Rudd & Diamond, P.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint [DE 77] is hereby **GRANTED**;

2. Defendants Peter Diamond, Michael Rudd and Rudd & Diamond, P.A. are hereby **DISMISSED** from this action;

3. Plaintiff's Motion to Extend Time to File a Response to Coamerica Bank's Motion for Judgment on the Pleadings [DE 112] is hereby **GRANTED**.  Plaintiff's response to Defendant Comerica Bank's Motion for Judgment on the Pleadings is now due on November 10, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of October, 2011.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:
Angela DiPilato, pro se (via CM/ECF regular mail)
counsel of record on CM/ECF

---

[2] In Oppenheim, the United States Court of Appeals for the Eleventh Circuit concluded that because the plaintiff in that action was selling his personal computer for funds transferred to his personal bank account, he was not running a business.  627 F.3d at 839.