UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62492-CIV-COHN

ANGELA DIPILATO, individually,

Magistrate Judge Seltzer

Plaintiff,

vs.

RUDD & DIAMOND, P.A., a Florida
corporation, PETER A. DIAMOND, individually,
MICHAEL RUDD, individually, OCEAN 4660, LLC,
a Florida limited liability company, COMERICA
BANK, a Michigan corporation, and
REMO POLSELLI, individually,

Defendants.

_____/

**ORDER GRANTING EMERGENCY MOTION TO REQUIRE PLAINTIFF TO POST
SUPERSEDEAS BOND OF $13,250.000.00
ORDER DIRECTING PLAINTIFF TO RELEASE LIS PENDENS
ORDER DIRECTING PLAINTIFF TO PROVIDE EMAIL ADDRESS TO FACILITATE
NOTICE OF COURT ORDERS**

**THIS CAUSE** is before the Court upon Defendant Ocean 4660, LLC's

Emergency Motion to Require Plaintiff to Post Supersedeas Bond, or Alternatively, to

Compel Release of Lis Pendens [DE 114]. The Court has carefully considered the

motion and accompanying memorandum [DE 115], and is otherwise fully advised in the

premises. The Court notes that Plaintiff Angela DiPilato ("Plaintiff"), acting *pro se*, has

failed to respond to the motion by the Court imposed deadline of Friday, October 21,

2011.

On September 26, 2011, Defendant Ocean 4660 filed an emergency motion to

discharge a lis pendens on the property, or to request the posting of a bond [DE 100].

According to the affidavit of Hanna Karcho, the sole member of Defendant Ocean 4660,

LLC, Plaintiff filed a Notice of Lis Pendens against the property at 4658-4660 North

Ocean Drive, Lauderdale-by-the-Sea, Florida, with the Broward County Clerk on January 21, 2011.  Affidavit of Owner, ¶10 [DE 101-1].  On September 2, 2011, Defendant Ocean 4660 entered into an agreement to sell the property at issue to a non-party for $13,250,000.  Id. at ¶ 7.  The agreement provides for a 60 day period to resolve any title issues.  The purchaser has identified the Lis Pendens filed by Plaintiff as one of those issues.  Id. at ¶ 11.

The Court set a hearing on Defendant Ocean 4660's discharge motion for October 7, 2011.  Plaintiff opposed the motion and sought a continuance of the hearing [DE 106].  Given the exigent nature of the requested relief, the Court denied the motion to continue [DE 107].  Plaintiff did not appear at the hearing [DE 108].  After hearing the argument of Defendant and asking several questions, the Court granted the motion to discharge the lien [DE 109].  The next business day, Plaintiff filed a Notice of Interlocutory Appeal [DE 111].

Defendant Ocean 4660 now seeks this Court to require Plaintiff to post a supersedeas bond.  Defendant contends that under Florida law the pendency of an appeal effectively operates to stay the discharge of a lis pendens.  Therefore, Defendant asks the Court to require Plaintiff to post a bond, or to compel release of the lis pendens.

This Court notes that it is not necessarily clear that Florida law governs this issue, as although this is an interlocutory appeal, Rule 62(d) of the Federal Rules of Civil Procedure provides that an appellant normally can only obtain a stay by posting a supersedeas bond.  Thus, assuming that Florida law applies, the Court does conclude that it is appropriate in this case to require Plaintiff to post a bond to cover the potential damages if her failure to discharge the lis pendens causes the contracted for sale of the

subject property not to close.  This conclusion finds further support in this Court's recent order granting the Rudd & Diamond Defendants motion to dismiss in this action [DE 117], in that several of the Defendants have now been dismissed.[1]  The amount of the bond is best determined in this case by the amount of the contracted price for the property ($13,250,000).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Ocean 4660, LLC's Emergency Motion to Require Plaintiff to Post Supersedeas Bond, or Alternatively, to Compel Release of Lis Pendens [DE 114] is hereby **GRANTED**;

2. By 12 noon on October 28, 2011, Plaintiff Angela DiPilato shall file a supersedeas bond in the amount of $13,250,000 in the docket of this action;

3. Plaintiff shall immediately take the necessary action to release and/or discharge the Notice of Pendency filed in the records of Broward County, Florida, with filing location CFN # 109821421, OR BK 47663 Page 1853, Recorded 01/21/2011 at 11:46am;

4. Failure to timely file the bond shall result in the release of the Notice of Pendency;

5. Plaintiff is further directed to provide this Court, in a written filing in this action, with an electronic mail address, so as to facilitate prompt notice of all filings, including Court orders, to Plaintiff.  Pursuant to Court policy, pro se litigants cannot file documents in the CM/ECF system, but can with Court approval,

---

[1]  The Second Amended Complaint in this action brought Fair Debt Collection Practices Act claims against various defendants, though Defendant Ocean 4660 was not alleged to have taken action independent of the attorneys it hired to collect funds from Plaintiff.

receive such filed documents.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 25th day of October, 2011.

JAMES I. COHN
United States District Judge

Copies furnished to:

Angela DiPilato, pro se (via CM/ECF regular mail)
and via facsimile to 954-657-8405

counsel of record on CM/ECF

4