UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62492-CIV-COHN

Magistrate Judge Seltzer

ANGELA DIPILATO, individually,

    Plaintiff,

vs.

RUDD & DIAMOND, P.A., a Florida
corporation, PETER A. DIAMOND, individually,
MICHAEL RUDD, individually, OCEAN 4660, LLC,
a Florida limited liability company, COMERICA
BANK, a Michigan corporation, and
REMO POLSELLI, individually,

    Defendants.
_____/

## ORDER GRANTING OCEAN 4660 AND POLSELLI'S MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court upon Defendants Ocean 4660, LLC and Remo Polselli's Motion for Judgment on the Pleadings [DE 128]. The Court has carefully considered the motion, notes that Plaintiff has failed to respond by the deadline of December 19, 2011, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Angela DiPilato ("Plaintiff"), acting *pro se*, filed this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") against various defendants, including Defendants Ocean 4660, LLC and Remo Polselli [DE 58]. The Court previously dismissed the Second Amended Complaint against Defendants Rudd & Diamond, Peter Diamond and Michael Rudd (collectively, the "Rudd & Diamond Defendants"), two attorneys and their law firm who took direct action related to the underlying debt owed by Plaintiff [DE 117].[1] The Court recently granted Defendant

---

[1] Plaintiff had filed a Notice of Appeal of this Order [DE 122]. That appeal has been dismissed on procedural grounds by the Court of Appeals [DE 125].

Comerica Bank's Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) [DE 126].  On December 1, 2011, Ocean 4660 and Polselli filed a motion for judgment on the pleadings, asserting that Plaintiff's claims are not covered under the FDCPA because the Court has already found that the underlying financial obligation is not a "debt" as defined in the FDCPA.  To date, Plaintiff has not responded to the motion.

## II. DISCUSSION

### A.  Legal Standard

Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."  Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002).  The Court must accept all the facts in the complaint as true and view them in the light most favorable to the plaintiff.  Hart v. Hodges, 587 F.3d 1288, 1290, n. 1 (11th Cir. 2009) (citing Moore v. Liberty Nat. Life Ins. Co., 267 F.2d 1209, 1213 (11th Cir. 2001)).  Legal conclusions need not be accepted as true.

### B. Plaintiff has Failed to Establish a Consumer Debt  Under the FDCPA[2]

The Court has twice addressed this issue in this case – in granting the Rudd & Diamond Defendant's Motion to Dismiss [DE 117] and Comerica Bank's Motion for Judgment on the Pleadings [DE 126].  To recover under the FDCPA, a plaintiff must make a threshold showing that the money being collected qualifies as a "debt." Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 838-39 (11th Cir. 2010).  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money

---

[2] The Court incorporates into this Order its prior discussion of this issue in its Order Granting Comerica's Motion for Judgment on the Pleadings [DE 126].

2

arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

According to the state court documents Plaintiff attached to the Second Amended Complaint, Plaintiff operated a "restaurant and lounge" on the premises owned by Defendant Ocean 4660. See ¶ 3.A, Answer and Affirmative Defenses of Defendant Angela DiPilato, Exhibit C to Second Amended Complaint [DE 58 at p. 57-58] (hereinafter, "State Court Answer").[3]  On November 5, 2010, the Rudd & Diamond Defendants filed a state court eviction action against Plaintiff, alleging a back rent balance of $96,000, based upon 12 months of $8,000 per month.  Exhibit B to Second Amended Complaint.  The documents Plaintiff filed in state court that she attached to her Second Amended Complaint in this action clearly indicate that the premises at issue was being used by Plaintiff for the business purpose of operating a restaurant and lounge business, and that Plaintiff actually conducted business on the subject premises.  See ¶¶ 3.A, 3.C, and 3.F of State Court Answer.

It is clear that Plaintiff incurred the debt for the purpose of operating a business.  Therefore, no construction of her factual allegations will support an FDCPA claim, because the "debt" involved in this action does not arise out of a transaction in which the property that is the subject of the transaction was primarily for personal, family, or household purposes.  Transactions which enable the "consumer" to earn money

---

[3] The Court may consider documents referred to by a plaintiff in a complaint which are central to the plaintiff's claim and undisputed as to authenticity for purposes of a motion to dismiss without conversion of the motion to dismiss into a motion for summary judgment.  SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Maxcess, Inc. v. Lucent Technologies, Inc., 433 F.3d 1337, 1340, n.3 (11th Cir. 2005).

through a job or business do not qualify as a "debt" under the FDCPA.[4]  In an unpublished decision, the Eleventh Circuit has held that a business development loan is not a consumer loan under the FDCPA.  Lingo v. City of Albany Dept. of Community & Econ. Dev., 195 Fed. App'x. 891, 893 (11th Cir. 2006).  The Court therefore concludes that the motion should be granted.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Ocean 4660, LLC and Remo Polselli's Motion for Judgment on the Pleadings [DE 128] is hereby **GRANTED**;

2. The Court will separately enter judgment for Defendants Ocean 4660, LLC and Remo Polselli.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of December, 2011.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to:

Angela DiPilato, pro se (via CM/ECF regular mail)

counsel of record on CM/ECF

---

[4] In Oppenheim, the United States Court of Appeals for the Eleventh Circuit concluded that because the plaintiff in that action was selling his personal computer for funds transferred to his personal bank account, he was not running a business.  627 F.3d at 839.