UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62492-CIV-COHN

Magistrate Judge Seltzer

ANGELA DIPILATO, individually,

    Plaintiff,

vs.

RUDD & DIAMOND, P.A., a Florida
corporation, PETER A. DIAMOND, individually,
MICHAEL RUDD, individually, OCEAN 4660, LLC,
a Florida limited liability company, COMERICA
BANK, a Michigan corporation, and
REMO POLSELLI, individually,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

**THIS CAUSE** is before the Court upon Defendant Ocean 4660, LLC's Motion for Attorney's Fees [DE 129], Plaintiff's Opposition [DE 137], and Defendant Ocean 4660's Reply [DE 139]. The Court has carefully considered the motion, response and reply, and is otherwise fully advised in the premises.

### I. BACKGROUND

On September 26, 2011, Defendant Ocean 4660 filed an emergency motion to discharge a lis pendens on the property, or in the alternative to request the posting of a bond [DE 100]. According to the affidavit of Hanna Karcho, the sole member of Defendant Ocean 4660, LLC, Plaintiff filed a Notice of Lis Pendens against the property at 4658-4660 North Ocean Drive, Lauderdale-by-the-Sea, Florida, with the Broward County Clerk on January 21, 2011. Affidavit of Owner, ¶10 [DE 101-1]. On September 2, 2011, Defendant Ocean 4660 entered into an agreement to sell the property at issue to a non-party for $13,250,000. Id. at ¶ 7. The agreement provided for a 60 day period to resolve any title issues. The purchaser identified the Lis Pendens filed by Plaintiff as

one of those issues.  Id. at ¶ 11.

The Court set a hearing on Defendant Ocean 4660's discharge motion for October 7, 2011.  Plaintiff opposed the motion and sought a continuance of the hearing [DE 106].  Given the exigent nature of the requested relief, the Court denied the motion to continue [DE 107].  Plaintiff did not appear at the hearing [DE 108].  After hearing the argument of Defendant and asking several questions, the Court granted the motion to discharge the lien [DE 109].  The next business day, Plaintiff filed a Notice of Interlocutory Appeal [DE 111].  Defendant moved the Court to require Plaintiff to post a supersedeas bond [DE 114].  The Court applied Florida law and concluded that it was appropriate to require Plaintiff to post a bond to cover the potential damages if her failure to discharge the lis pendens caused the contracted for sale of the subject property not to close [DE 119].  The amount of the bond was set at the amount of the contracted price for the property ($13,250,000).  Plaintiff did not post a bond.  The Court of Appeals dismissal of the Notice of Appeal was received by this Court on November 29, 2011 [DE 125].

On December 5, 2011, Defendant Ocean 4660 moved for attorney's fees under Local Rule 7.3(a) and under Fla. Stat. § 48.23(3) for the time spent seeking dissolution of the lis pendens.  On December 27, 2011, a few days after the deadline to respond, Plaintiff sought a 30 day extension of time [DE 133].  The Court granted this request and extended the deadline until January 27, 2012.  On January 30, 2012, Plaintiff filed almost the exact same motion seeking another 30 days.  The Court granted an extension until February 9, 2012.  Plaintiff's response was not filed with the Clerk of Court until Monday, February 13, 2012.  Despite the response being late, the Court has considered Plaintiff's arguments in opposition to the motion.

## II.  DISCUSSION

### A.  Entitlement to Fees

Ocean 4660 seeks fees pursuant to Florida Statutes § 48.23(3) and S & T Builders v. Globe Properties, Inc., 944 So.2d 302 (Fla. 2006).  As noted in a prior order granting the motion to dissolve the lis pendens, a federal court has the authority under Fla. Stat. § 48.23(3) to discharge a lien.  Beefy King Int'l, Inc. v. Veigle, 464 F.2d 1102, 1104 (5th Cir. 1972).[1]  See Order Granting Emergency Motion to Discharge Lis Pendens [DE 109], 2011 WL 4738117 (S.D. Fla. October 7, 2011).  Plaintiff contends that Florida law only authorizes an award of fees if a lis pendens bond exists, citing to Wagner v. Birham, 460 So. 2d 463 (Fla. Dist. Ct. App. 1984), for the proposition that there is no statutory authority for an award of attorney's fees in discharging a lis pendens.  Defendant correctly argues in reply that Wagner was disapproved in S&T Builders.  Florida courts now recognize that such fees can be awarded.  McMillan/Miami, LLC v. Krystal Capital Managers, LLC, 1 So. 3d 312, 314 (Fla. Dist. Ct. App. 2009).  This Court therefore concludes that Florida law allows attorney's fees to a party that successfully obtains dissolution of a lis pendens, and that this federal court can enforce Florida law in this action.

Plaintiff next argues that Defendant has failed to comply with certain procedural requirements for its motion for fees, including lack of verification as required by Local Rule 7.3(a)(7).  Plaintiff contends that such verification requires a formal declaration in the presence of an authorized officer.  In reply, Defendant argues that its verification

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

complies with 28 U.S.C. § 1746, which states that wherever any rule requires a matter to be supported by a sworn verification in writing, "such matter may, with like force and effect, be supported. . . by the unsworn . . . verification. . . in writing of such person which is subscribed by him as true under penalty of perjury, and dated. . . ." Section 1746 then gives the form of such verification, which Defendant has complied with in this action.  See Motion at p. 7 [DE 129].  The Court agrees with Defendant that the provided verification complies with Local Rule 7.3(a)(7).[2]

Plaintiff also contends that Defendant failed to comply with Local Rule 7.3(a)(8) and 7.3(b) by not sufficiently attempting a good faith effort to resolve the motion with the opposing side.  In reply, Defendant notes that prior to filing of the motion it notified and served Plaintiff with the motion by mail on November 7, 2011, as required by Local Rule 7.3(b).  Exhibit B to Motion [DE 129-2].  The cover letter to the copy mailed to Plaintiff requested that Plaintiff contact Defendant's counsel in an effort to resolve the matter. In her opposition, Plaintiff does not contend that she attempted to contact Defendant's counsel.  This inaction cannot be used to suggest that Defendant failed to comply with the Local Rule requirements of notice and pre-filing conference.

Finally, Plaintiff contends that fees should be denied because Defendant failed to mention a request for attorney's fees in the caption of its Motion to Vacate Lis Pendens, citing to Certex USA v. Vidal, Case No. 09-61818 [DE 116/117].  Defendant correctly notes that it did request attorney's fees in its motion to vacate [DE 100, ¶ 13].

---

[2] Plaintiff also contends that Defendant did not comply with Local Rule 7.3(a)(1) by not filing the motion within 30 days.  The deadline was changed to 60 days in April of 2010.

4

The Court has reviewed the final order in Certex USA v. Vidal and finds nothing to support Plaintiff's argument that an attorney's fees request must be in the caption of a motion to vacate a lis pendens.  The requested relief was contained in the body of the motion to vacate the lis pendens and a later specific motion was filed to award fees after the lis pendens was vacated.[3]

## B.  Amount of Fees

Plaintiff also challenges the amount of fees sought to be awarded because the "billing time sheets reveals that all of the time billed was not in connection with discharging the lis pendens and,(ii) there exists a substantial disparity in the amount of legal fees sought to be recovered and the actual billing for legal fees."  Plaintiff's Opposition at 4.  Plaintiff, however, makes no specific objections as required by Local Rule 7.3(a).  Defendant, on the other hand, has met its burden to submit documentation of its attorney time and rates to support its motion for fees.  See Exhibit A to Motion [DE 129-1].  Because Plaintiff is proceeding pro se, the Court has undertaken a line by line analysis of Defendant's fee request.

A reasonable award for attorney's fees is calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991).  The fee

---

[3] Plaintiff also argues that Defendant has failed to comply with Rule 11 of the Federal Rules of Civil Procedure.  Defendant is not seeking attorney's fees pursuant to Rule 11.

applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999). In determining what fee constitutes a "reasonable" hourly rate and what number of compensable hours constitute a "reasonable" number of hours, a court may consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Accord Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1340 (11th Cir. 1999).[4] In addition, a district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1492-93 (11th Cir. 1994).

### 1. Reasonable Hourly Rate

The first step in calculating the lodestar amount is determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Id. Ocean 4660 seeks an hourly rate of $325 per hour for partner Jordan Cohen (only 0.4 hours of time); $235 per hour for associate Patrick Dahl; and $100 per hour for new law school graduate Eric Gruber (only 0.6 hours of time). Upon consideration of all

---

[4] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

of the factors mentioned above, the Court concludes that these are reasonable rates for these attorneys.

### 2. Reasonable Number of Hours Expended

As noted above, the second step in calculating the lodestar amount involves determining whether counsel expended a reasonable number of hours on the case. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the court may properly assess the time claimed for each activity. See Hensley, 461 U.S. at 433; Norman, 836 F.2d at 1301. Excessive, redundant or otherwise unnecessary hours should not be included in the calculation. See Barnes, 168 F.3d at 427.

The Motion seeks reimbursement for 19.3 total hours. Defendant has supported this request with detailed billing records for each time entry. See Exhibit A to Motion. The Court has analyzed each and every time entry and concludes that a few of the entries are excessive or otherwise unnecessary as billed attorney time. These include 0.2 hours on September 23, 2011 for drafting correspondence; 0.3 hours for calling chambers on September 26 and September 29; 0.1 hours on September 30 for analysis of order changing the date of the hearing; 0.3 hours for a teleconference with an unknown (redacted) person on October 5; and 0.3 hours for drafting correspondence on October 7, 2011, for a total reduction of 1.2 hours of the time sought for attorney Patrick Dahl.

### 3. Lodestar Amount

Of the requested time, the Court will strike 1.2 hours, leaving the reasonable number of hours expended to be 17.1 hours for Patrick Dahl at his reasonable hourly

rate of $235.00, for a total of $4,018.50, plus $40.00 for the 0.4 hours of Eric Gruber, and $195.00 for the 0.6 hours of Jordan Cohen, resulting in a total amount of $4,253.50 in attorney's fees.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Ocean 4660, LLC's Motion for Attorney's Fees [DE 129] is hereby **GRANTED**;

2. The Court will enter a separate judgment for fees.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of February, 2012.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Angela DiPilato, pro se (via CM/ECF regular mail)

counsel of record on CM/ECF